UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JUAN ROCHA GOMEZ<br><br>Petitioner,<br><br>v.<br><br>Christopher LAROSE, Senior Warden, Otay Mesa Detention Center; Kristi NOEM, Secretary, U.S. Department of Homeland Security; Todd LYONS, Acting Director, U.S. Immigration and Customs Enforcement; Patrick DIVVER, Field Office Director, San Diego Field Office, U.S. Immigration and Customs Enforcement. Sirce OWEN, Acting Director of the Executive Office for Immigration Review (EOIR), U.S. Department of Justice. Pamela BONDI, Attorney General, U.S. Department of Justice,<br><br>Respondents. | Case No.: 3:26-cv-737-JES-VET<br><br>**ORDER:**<br><br>**(1) STAYING REMOVAL OF PETITIONER TO PRESERVE JURISDICTION**<br><br>**(2) REQUIRING A RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS; and**<br><br>**(3) SETTING BRIEFING SCHEDULE**<br><br>**[ECF No. 1]** |

//

//

//

1

Before the Court is Petitioner Jose Juan Rocha Gomez ("Petitioner"): (1) Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1.

To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from this District unless and until the Court orders otherwise. *See Doe v. Bondi*, Case. No. 25-cv-805-BJC-JLB, 2025 WL 1870979 at *2 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (citing cases); *A.M. v. LaRose et al.*, 25-cv-01412, ECF No. 2 (S.D. Cal. June 4, 2025) ("Pursuant to Petitioner's request for a Temporary restraining order, the Court hereby (1) RESTRAINS and ENJOINS Respondents, their agents, employees, successors, attorneys, and all persons in active concert and participation with them, from removing Petitioner A.M. from the United States or this District pending further order of this Court"); *see also A.A.R.P v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicant and to preserve [] jurisdiction over the matter."); *Nguyen v. Scott*, No. 2:25-CV-01398, 2025 WL 2097979, at *3 (W.D. Wash. July 25, 2025) (enjoining the Respondents from removing Petitioner without approval from the court).

Respondents are **ORDERED TO SHOW CAUSE** as to why the Petition should not be granted by filing a Response no later than 5:00 p.m. on **Wednesday, February 11, 2026**. The Response shall include any documents relevant to the determination of the issues raised in the Petition and address whether an evidentiary hearing on the Petition is necessary. Petitioner may file an optional Traverse in support of the Petition, no later than 5:00 p.m. on **Friday, February 13, 2026**. However, upon receipt of the Response, the Court will consider the matter fully briefed and no oral argument will be held unless otherwise ordered.

//

//

//

**IT IS SO ORDERED.**

Dated: February 6, 2026

Honorable James E. Simmons Jr.
United States District Judge